IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| BISHME WALKER, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.: WDQ-10-2739 |
|  | * | CRIMINAL NO.: WDQ-07-0146 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Bishme Walker's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the motion will be dismissed.

I. Background

On March 27, 2007, Walker was indicted for conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. ECF No. 13. On October 15, 2007, Walker's jury trial began. Walker was represented by Stanley Needleman, Esquire. ECF No. 45 at 10. On October 16, 2007, the jury found Walker guilty. ECF No. 30.

On January 11, 2008, Walker was sentenced to 262 months imprisonment. ECF No. 34. Walker timely appealed his conviction to the Fourth Circuit. The conviction was affirmed

on March 24, 2009.  ECF No. 41.  On October 1, 2010, Walker filed his motion to vacate, arguing that Needleman was ineffective counsel because he failed to: (1) "present [a] buyer-seller defense," or (2) call Walker "to testify on his own behalf."  ECF No. 45 at 2-5.[1]

II.   Analysis

    A.  Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for § 2255 motions.  The year runs from the latest of:

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Walker faults Needleman for failing to present evidence to the jury that he had "arrived at . . . Mo's Seafood with 500 grams of heroin to sell to an individual."  ECF No. 45 at 4.  The jury found that Walker conspired to distribute 100 grams or more of heroin.  Walker never filed a memorandum in support of his § 2255 motion, although this Court granted him an extension of time to do so.  ECF No. 47.  His memorandum was due December 8, 2010.  *Id.*

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

The Government argues that Walker's § 2255 motion must be dismissed because it is untimely. Govt's Opp'n 2-3. Walker states that his "direct appeal became final on 5 October 2009," and his motion to vacate, filed on October 1, 2010, is timely under § 2255 (f)(1). Pl.'s Mot. 10.

A conviction is final for § 2255 (f)(1) purposes "on the date when the petitioner could no longer seek direct review." *United States v. Walker,* 165 F.3d 22, 22 (4th Cir. 1998). When "a petitioner files an appeal but not a petition for writ of certiorari, his judgment is not final until 90 days after the court of appeals renders its decision." *Hosey v. United States,* 518 F. Supp. 2d 732, 734 (D.S.C. 2007) (*citing Walker,* 165 F.3d at 22).

The Fourth Circuit affirmed Walker's conviction on March 24, 2009, and Walker did not petition for writ of certiorari. ECF No. 41. Thus, Walker's conviction became final 90 days later, in June 2009—not on October 5, 2009 as he argues. Walker filed his § 2255 motion on October 1, 2010, well over a year after his conviction was final. His motion is untimely. Walker has not argued that the limitations period should be equitably

3

tolled,[2] nor do any of § 2255 (f)'s other provisions apply to his case. Accordingly, his motion will be dismissed.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. §(c)(1). When relief is denied on procedural grounds, a COA may issue only if the petitioner has established that the dispositive procedural ruling is debatable. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, there is no question that Walker's motion is untimely. The Court will not issue a COA.

III. Conclusion

For the reasons stated above, Walker's motion to vacate, set aside, or correct his sentence will be dismissed.

March 30, 2011                               _____/s/_____
Date                                                   William D. Quarles, Jr.
                                                          United States District Judge

---

[2] Because the AEDPA's "limitations provisions . . . do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts . . . § 2255's limitations period is subject to equitable modifications such as tolling." *United States v. Prescott,* 221 F.3d 686, 688 (4th Cir. 2000). Equitable tolling is an "extraordinary remedy" and "sparingly granted." *Id.* A petitioner is only entitled to equitable tolling if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010)(internal quotation marks and citation omitted). Walker has alleged no facts supporting the application of equitable tolling.